**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**NORTHERN DIVISION**

**GABRIELLE SUMME, as Clerk of**
**Kenton County, Kentucky, and KENNY BROWN, as Clerk of Boone County,**
**Kentucky, individually and on behalf of all others similarly**
**situated,**

  **Plaintiff,**

**v.**         **Case No.:_____**

**FEDERAL NATIONAL MORTGAGE**
**ASSOCIATION a/k/a FANNIE MAE and**
**FEDERAL HOME LOAN MORTGAGE**
**CORPORATION a/k/a FREDDIE MAC,**

  **Defendants.**
**_____/**

## COMPLAINT – CLASS ACTION

Plaintiff, Gabrielle Summe, in her official capacity as Clerk of Kenton County, Kentucky, individually and on behalf of all others similarly situated, sues the Defendants, Federal National Mortgage Association a/k/a Fannie Mae, and Federal Home Loan Mortgage Corporation a/k/a Freddie Mac, and states the following:

### JURISDICTION AND PARTIES

1.  This is a class action to recover real estate transfer taxes on the recording of instruments and other relief under law.

2.  The Court has jurisdiction over this matter under 28 U.S.C. § 1331 because this matter requires the interpretation of federal statutory law, 12 U.S.C. § 1723a(c)(2) and § 1452(e), and states a claim for declaratory relief under 28 U.S.C. §§ 2201-2202. The Court also has jurisdiction over this matter under 28 U.S.C. § 1332, because the

parties reside in different states and the amount in controversy exceeds $75,000,

exclusive of interest and costs.

3.   Plaintiff Gabrielle Summe is the Clerk of Kenton County, Kentucky, and brings

this case in her official capacity as Clerk individually and on behalf of all others similarly

situated.  As the Clerk, Plaintiff is vested with the duty to collect the transfer taxes from

the Defendants and is authorized under law to bring this action.

4.   Defendant Federal National Mortgage Association a/k/a Fannie Mae is a

private for-profit corporation doing business in Kenton County, Kentucky, as well as

nationally, and is subject to the jurisdiction of this Court.

5.   Defendant Federal Home Loan Mortgage Corporation a/k/a Freddie Mac is a

private for-profit corporation doing business in Kenton County, Kentucky, as well as

nationally, and is subject to the jurisdiction of this Court.

6.   Venue is proper in this Court because the violations complained of as they

relate to  Plaintiff occurred in Kenton County, Kentucky.

## ALLEGATIONS OF FACT

7.   Pursuant to Kentucky Revised Statutes, § 142.050, there is a tax imposed

upon the grantor named in the deed conveying real property at the rate of fifty cents

($0.50) for each $500 of value or fraction thereof for the privilege of transferring title to

the real property. This tax is referred to as the real estate transfer tax or transfer tax.

The transfer tax is an excise tax which is paid for the privilege of recording deeds and

other instruments in the county registry of deeds.

8.   Under law, the transfer tax must be paid to the Clerk by the Grantor or

Grantee under the deed or instrument which is filed.

9.  Defendant is the grantor or grantee in numerous real estate transactions in Kenton County, Kentucky, which it has recorded with Plaintiff and has not paid to Plaintiff the transfer tax for such recordings as required by law.

10. Defendants have not paid the transfer tax, because they claim that they are exempt from the transfer tax under Kentucky and/or federal law based on being a government entity or instrumentality.

11. Neither Defendant is a government entity or instrumentality, but instead each is a private corporation. As such, neither Defendant is exempt from payment of the transfer tax.

12. Moreover, the statutory exemptions do not apply to the transfer tax since it is not a "direct tax."

## CLASS ACTION ALLEGATIONS

13. Plaintiff brings this action pursuant to the provisions of Fed.R.Civ.P. 23, on behalf of himself in his official capacity and as a representative of a statewide class of similarly situated clerks and other officials and entities to whom payment of real estate transfer taxes is due under law.  Plaintiff seeks class certification under subsection (b)(2) and, alternatively, (b)(3) of Fed.R.Civ.P. 23.

14. Plaintiff seeks to represent the following class:

> All clerks and other officials and entities in Kentucky to which the transfer tax is owed for the recording of a deed or other instrument, who recorded a deed or other instrument for Defendants, within the applicable limitations period, upon which Defendants did not pay the transfer tax

15. The class is so numerous that joinder of all members is impracticable.  In Kentucky, there are 120 counties with clerks to whom transfer taxes are owed and should have been paid by Defendants but for its claim of exemption.

3

16. There are questions of law and fact common to all members of the class: specifically, the Plaintiff's claims arise from the same event or practice or course of conduct by the Defendants which gives rise to the claims of the putative class, and his claims are based upon the same legal theories as those of the putative class. The Defendants have engaged in a statewide pattern and practice, in violation of law, of not paying transfer taxes based on their claims of exemption from payment because they alleged they are governmental entities or instrumentalities and/or are otherwise exempt from taxation. The resolution of this issue, to wit, whether Defendants are governmental entities or instrumentalities entitled to exemption from payment of transfer taxes or are otherwise exempt from payment of such taxes under law, is a common question of fact and law which will affect all members of the class in the same manner.

17. Plaintiff's claims are typical of the claims of the class inasmuch as they arise from the same course of conduct as the claims of the putative class, and the class consists of clerks and other officials and entities to which Defendants owe but did not pay the transfer taxes.

18. Plaintiff will fairly and adequately protect and represent the interests of each member of the class in that he has no conflicts with the class and has retained counsel experienced in the prosecution of class action litigation.

19. Defendants' actions, to wit: failing to pay the transfer tax imposed by law, raise questions of law and fact common to the Plaintiff and class members. These questions, specifically whether the Defendants are exempt from the payment of transfer taxes based on being governmental entities or instrumentalities and/or being otherwise exempt, predominate over any questions affecting only individual members of the class.

4

Similarly, the issue of whether the transfer tax is a "direct tax" is a common question of law and fact for the Plaintiff and class members. Class representation is superior to other available methods for the efficient adjudication of this controversy in that (a) there is little, if any, desire by class members to control the litigation, (b) the instant forum is a desirable forum for concentrating this litigation, and (c) there will be no problem managing the case given that the Defendants' practices and the relief sought are subject to generalized proof by virtue of their being uniform, the computation and amount of the transfer taxes due are established by state statute, and the record evidence from which the transfer taxes due would be calculated is maintained and readily accessible in the official public records of each class member as well as the electronic records of the Defendants. Accordingly, this action is maintainable under subsection (b)(3) of Fed.R.Civ.P. 23.

## COUNT I – VIOLATION OF KENTUCKY REVISED STATUTES

20. The Plaintiff realleges paragraphs 1-19.

21. The Defendants' actions of failing to pay the transfer tax violate Kentucky Revised Statutes §§ 142.050 and Plaintiff is entitled to recover from Defendants the amount of the transfer not paid by Defendants.

## COUNT II - UNJUST ENRICHMENT

22. The Plaintiff re-alleges paragraphs 1 thru 21.

23. The Plaintiff has conferred a direct benefit on the Defendants by according the Defendants the privilege of transferring title to real property and recording deeds and other instruments evidencing such title.

5

24. The Defendants had knowledge of this benefit in that they knew they were taking advantage of the privilege of transferring title to real property and, absent their being exempt, they would have to pay the legally-imposed transfer tax for exercising the privilege.

25. The Defendants accepted the benefit of transferring title to real property without paying for the privilege as required by law.

26. The circumstances are such that it is inequitable and unjust for the Defendants to retain the benefit of the privilege of transferring title to real property without paying the transfer tax in exchange for such benefit as required by law.

## COUNT III – DECLARATORY JUDGMENT

27. The Plaintiff re-alleges paragraphs 1 thru 19.

28. There is an actual controversy between the Plaintiff and the class and the Defendants inasmuch as the Defendants contend that they are exempt from the payment of transfer taxes.

29. It is in the public interest to have the rights of the parties determined regarding the payment of the transfer tax.

30. The declaratory judgment will terminate and afford relief from uncertainty, insecurity and controversy giving rise to this proceeding.

31. The Plaintiff and the class are entitled to a declaration under 28 U.S.C. § 2201 that the Defendants are not exempt from payment of transfer taxes under state and/or federal law.

32. The Plaintiff and the class are also entitled to further relief under 28 U.S.C. § 2202 including payment to them of the transfer taxes not paid by Defendants, together

with any statutory penalties and interest.  Such relief is necessary and proper to the declaratory relief sought.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff demands the following relief:

a.     That the Court certify the matter as a class action pursuant to (b)(3) of Fed.R.Civ.P. 23 and order that notice be provided to all class members.

b.     That the Court enter judgment declaring that the practice complained of herein is in violation of law and that Defendants are subject to payment of the transfer taxes and are not governmental entities or instrumentalities exempt therefrom or otherwise exempt therefrom under law;

c.     That the Court enter judgment enjoining the Defendants from engaging in the practice complained of herein, to wit, claiming exemption for transfer taxes as  governmental entities or instrumentalities or being otherwise exempt under law;

d.     That the Court enter judgment awarding the Plaintiff and the class damages equal to the transfer taxes not paid, plus any applicable statutory interest and penalties;

e.     That the Court enter judgment awarding the Plaintiff and the class prejudgment interest and reasonable attorneys' fees and costs; and

f.     That the Court order such further relief as is equitable and just.

Respectfully Submitted,

/s/E. Andre' Busald
E. ANDRE BUSALD KBA 009850
Busald Funk Zevely, PSC
226 Main Street
P.O. Box 6901
Florence, KY 41042-6901
(859) 371-3600
(859) 525-1040 (fax)

JOHN C. DAVIS
Ga. Bar No. 210820
Law Office of John C. Davis
623 Beard Street
Tallahassee, FL  32303
(850)-222-4770
(850)-222-3119 (fax)
john@johndavislaw.net

C. WES PITTMAN
Fla. Bar No. 220507
The Pittman Firm, P.A.
432 McKenzie Avenue
Panama City, FL 32401
(850) 784-9000
(850) 763-6787 (fax)
wes@pittmanfirm.com

DEBRA BREWER HAYES
Texas Bar No. 05656790
CHARLES CLINTON HUNTER
Texas Bar No. 24072160
Of Counsel, Reich & Binstock, LLP
4265 San Felipe, Suite 1000
Houston, TX  77027
281-768-4716 Direct
713-622-7271 Main
713-623-8724 Fax
dhayes@dhayeslaw.com

Attorneys for Plaintiffs